**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1228, AFL–CIO, Plaintiff,**

v.

**FREEDOM WLNE–TV, INC., Defendant.**

**Civ. A. No. 83–3173–c.**

United States District Court,
D. Massachusetts.

Sept. 5, 1984.

Joseph G. Sandulli, Boston, Mass., for plaintiff.

Charles Hieken, Boston, Mass., and Warren M. Davison, Arthur M. Brewer, Shawe & Rosenthal, Baltimore, Md., for defendant.

### MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought under section 301 of the Taft-Hartley Act, 29 U.S.C. § 185(a). The plaintiff, the International Brotherhood of Electrical Workers, Local 1228, AFL–CIO ("the Union"), seeks to compel the defendant, Freedom WLNE–TV, Inc. ("Freedom"), to submit to binding arbitration. The matter is now before the Court on the parties' cross-motions for summary judgment.

On November 16, 1982, the Union and Freedom entered into a collective bargaining agreement. The agreement provided by its terms that it would take effect retroactively on "the 16th day of August, 1982, and [would] remain in effect through the 15th day of August, 1983." The contract also provided that, "[p]ending and during

the negotiation of a new contract or amendments to this contract, business of the Employer shall continue in accordance with all the terms of this contract."

Documents and affidavits filed by the parties show that negotiations to renew the contract began in May, 1983, and continued at least until some time in September 1983. On or about September 22, 1983, the Union filed a grievance with Freedom. Freedom informed the Union that it would not process the grievance because the collective bargaining agreement had expired on August 15, 1983, and the parties had not agreed to extend it.

On September 28, 1983, the Union filed another grievance with Freedom alleging that Freedom had unilaterally terminated the contract in violation of its terms and that Freedom had violated the terms of the contract by failing to process the Union's grievance of September 22, 1983. Freedom refused to process the second grievance, also on the ground that the collective bargaining agreement had expired.

By letter dated October 3, 1983, the Union notified counsel for Freedom that it had invoked the arbitration provisions of the contract. The Union wished to submit to arbitration the question, "[t]o what extent the contract, by its own terms, (Article 22) continues in effect beyond August 15, 1983 and what is the proper remedy." Freedom has refused to arbitrate on the ground that the arbitration provisions in the contract ceased to bind it when the contract expired on August 15, 1983. The Union now seeks an order from this Court compelling Freedom to arbitrate.

■■■ Arbitration is a matter of contract, and a court must look to the terms of the collective bargaining agreement to decide whether the parties have agreed to submit a particular issue to arbitration. *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union*, 430 U.S. 243, 250, 97 S.Ct. 1067, 1071, 51 L.Ed.2d 300 (1977); *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962); *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960);

*Mobil Oil v. Local 8–766, Oil, Chemical & Atomic Workers*, 600 F.2d 322, 326–27 (1st Cir.1979). Federal law favors arbitration as a means of resolving labor disputes, *see, e.g.*, 29 U.S.C. § 171, and there is a "strong presumption favoring arbitrability." *Nolde Bros. Inc. v. Local No. 358, Bakery & Confectionery Workers Union*, 430 U.S. at 254, 97 S.Ct. at 1073. An order to arbitrate

> should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*Rochdale Village, Inc. v. Public Serv. Employees Union, Local No. 80*, 605 F.2d 1290, 1295 (2d Cir.1979), *quoting Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. at 582–83, 80 S.Ct. at 1352–53; *see also Mobil Oil v. Local 8–766, Oil, Chemical & Atomic Workers*, 600 F.2d at 326.

■■ The arbitration clause in this case applies to "[a]ll problems arising out of grievances or out of the application or interpretation of this Agreement or the performance of any party under it." The question the Union seeks to arbitrate is whether the collective bargaining agreement, *by its own terms*, continued in effect beyond August 15, 1983, such that Freedom remained bound by its terms. That question simply requires an interpretation of the collective bargaining agreement, and must, according to the plain language of the arbitration clause, be submitted to arbitration.

Accordingly, I rule that the Union's motion for summary judgment should be allowed, and that Freedom must submit to arbitration the question, "To what extent the [collective bargaining agreement], by its own terms, (Article 22) continues in effect beyond August 15, 1983 and what is the proper remedy."

Order accordingly.